UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ESTEBAN ORTIZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PORK KING PACKING, INC., | ) |
| | ) |
| Defendant. | ) **Jury Trial Demanded** |
| | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Esteban Ortiz ("Ortiz" or "Plaintiff"), through his attorneys, The Law Offices of Eugene K. Hollander, and for his Complaint at Law against Defendant, states as follows:

## JURISDICTION

1. This is a suit in equity authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq*., and the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq ("FMLA").

2. The jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by, 42 U.S.C. § 12101 *et. seq*., providing for declaratory, injunctive, compensatory, punitive, and other relief against employment discrimination based upon disability. Jurisdiction of this court is based upon federal questions, 28 U.S.C. § 1331. The court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

3. Venue in this district is proper under 28 U.S.C. § 1391 (B). The Defendant resides or resided in this district and the events giving rise to Plaintiffs' claims occurred here.

4. All conditions precedent to jurisdiction have occurred or been complied with, to-wit:

    i. Ortiz filed a charge of discrimination no. 440-2017-04063 with the Equal Employment Opportunity Commission ("EEOC") on May 31, 2017, a copy of which is attached hereto as **Exhibit 1.**

    ii. The EEOC issued a notice of right to sue to Ortiz for charge no. 440-2017-04063 on September 28, 2017, a copy of which is attached hereto as **Exhibit 2.**

## PARTIES

5. Ortiz resides in Belvidere, Boone County, Illinois.

6. Pork King Packing, Inc. (hereinafter, "Pork King") is a meat processing company located in Marengo, Illinois.

7. Pork King is qualified to do business in the State of Illinois and is doing business in the State of Illinois.

8. Pork King is an employer as that term is defined under the ADA, 42 U.S.C. Sec. 12111 (4).

## BACKGROUND FACTS

9. Ortiz began his employment with Defendant in 2000. Ortiz's most recent position with Defendants was Butcher.

10. Throughout his employment, Ortiz performed his job duties to Defendant's legitimate expectations.

11. On August 13, 2016, Ortiz suffered a work related injury to his left wrist.

12. The same day, Ortiz notified his Manager, Julio, and Quality Control Manager, Arturo Cabrera, of his work injury.

13. On August 15, 2016, Plaintiff informed Julio and Cabrera that he could not cut meat because of the pain from his work injury and asked for authorization to go to the doctor.

2

14. Later on August 15, 2016, Julio told Plaintiff that, per the owner, Stanley Pajerski, Plaintiff was not authorized to go to the doctor for his work injury and that if he left early, he would no longer be employed.

15. Plaintiff could not stand the pain any longer, so he went to the hospital.

16. Plaintiff received a work release allowing him to return to work on August 18, 2016, with the restriction that he use a wrist splint.

17. On August 16, 2016, Plaintiff went to his workplace with the intention of providing his doctor's release to Cabrera. The secretary, Nelly, told Plaintiff that he could not work because Pajerksi said that he was no longer employed at the company and that she did not want copies of his doctor's notes.

## COUNT I
## AMERICANS WITH DISABILITIES ACT: DISABILITY DISCRIMINATION

18. Ortiz reincorporates and realleges paragraphs 1 through 17 as though more fully set forth herein.

19. At all times pertinent hereto, Ortiz was a member of a protected class, as he was a qualified individual with a disability, consisting of a wrist impairment.

20. Throughout his employment, Ortiz performed his job duties to the Defendants' legitimate expectations.

21. On or about August 16, 2016, Defendant terminated Ortiz's employment.

22. Defendant in violation of the provisions of 42 U.S.C. Sec. 12101 et seq. has denied and continues to deny Ortiz an equal opportunity for employment, because of disability.

23. In terminating Ortiz, Defendants wrongfully discriminated against him because of his disability and in violation of the ADA, 42 U.S.C. Sec. 12112 (A).

24. In terminating Ortiz, Defendant maliciously and/or recklessly violated the ADA.

3

25. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's, policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

26. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendants and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

27. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, Esteban Ortiz, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violative of the Americans with Disabilities Act;
2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;
3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate on the basis of disability;
4. Immediately assign Plaintiff to that job he would now be occupying but for the discriminatory practices of Defendant, and adjust the wage rates, salaries, bonuses, and

benefits for Plaintiff to those which he would be enjoying but for the discriminatory practices of Defendants, or, if this is impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that he would have received but for the discriminatory practices of Defendants;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8. Award Plaintiff punitive damages for Defendants' willful conduct; and

9. Grant such other relief as may be just and proper.

## COUNT II
## AMERICANS WITH DISABILITIES ACT: RECORD OF IMPAIRMENT

28. The Plaintiff reincorporates and realleges Paragraphs 1 through 17 as though fully set forth herein.

29. The Plaintiff has a history of a wrist impairment, as defined by the ADA, 42 U.S.C. §12101, 12102 et seq.

30. At all times pertinent hereto, the Plaintiff was a qualified individual with a disability.

31. By terminating Plaintiff's employment, Defendant maliciously and/or recklessly violated the ADA, 42 U.S.C. §12112 et seq.

32. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is

now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

33. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

34. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, ESTEBAN ORTIZ, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Americans with Disabilities Act;
2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;
3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that it will not discriminate on the basis of disability;
4. Immediately assign Plaintiff to that job he would now be occupying but for the discriminatory practices of the Defendants, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which he would be enjoying but for the discriminatory practices of the Defendant, or, if impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings and wages, including prejudgment interest and other benefits that he would have received but for the discriminatory practices of Defendants;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8. Award Plaintiff punitive damages for Defendants' willful conduct; and

9. Grant such other relief as may be just and proper.

### COUNT III
### AMERICANS WITH DISABILITIES ACT:
### REGARDED AS HAVING AN IMPAIRMENT

35. The Plaintiff reincorporates and realleges Paragraphs 1 through 17 of this Complaint at Law as though fully set forth herein.

36. Plaintiff suffered from a wrist impairment.

37. Plaintiff was regarded as having a disability by Defendant;

38. By terminating Plaintiff's employment, Defendant maliciously and/or recklessly violated the ADA, 42 U.S.C. §12112 et seq.

39. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

40. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendants and the loss of salary, bonuses,

benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

41. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, ESTEBAN ORTIZ, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Americans with Disabilities Act;
2. Permanently enjoin Defendants, their agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;
3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that it will not discriminate on the basis of disability;
4. Immediately assign Plaintiff to that job he would now be occupying but for the discriminatory practices of the Defendants, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which he would be enjoying but for the discriminatory practices of the Defendants, or, if impossible, award Plaintiff front-end pay;
5. Compensate and make Plaintiff whole for all earnings and wages, including prejudgment interest and other benefits that he would have received but for the discriminatory practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8. Award Plaintiff punitive damages for Defendants' willful conduct; and

9. Grant such other relief as may be just and proper.

## COUNT IV – COMMON LAW RETALIATORY DISCHARGE

42. Defendant terminated Plaintiff's employment in retaliation for asserting his workers' compensation rights in connection with his work injury.

43. Plaintiff's discharge violated a clearly mandated public policy of the State of Illinois and 820 ILCS 305/4(h), which states, in relevant part:

a. "It shall be unlawful for any employer…to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity any employee because of the exercise of his or her rights or remedies granted to him or her under this Act."

44. By terminating Plaintiff in retaliation for asserting his statutorily protected rights, Defendant and its agents and employees acted willfully and intentionally.

**WHEREFORE**, Plaintiff, ESTEBAN ORTIZ, prays for an entry of a judgment against Defendant, PORK KING PACKING, in a sum in excess of $75,000.00, as and for compensatory damages, and the costs of this action.

Respectfully submitted,

Plaintiff,
ESTEBAN ORTIZ

By: s/ Paul W. Ryan
One of his attorneys

Eugene K. Hollander
Paul W. Ryan
Jonathan L. Hoeven
**The Law Offices of Eugene K. Hollander**
230 W. Monroe, Suite 1900
Chicago, IL 60602
(312) 425-9100
ehollander@ekhlaw.com
pryan@ekhlaw.com
jhoeven@ekhlaw.com